http://www.va.gov/vetapp16/Files4/1630397.txt

Citation Nr: 1630397 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-24 774 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUES

1. Entitlement to service connection for hypertension as secondary to service-connected PTSD and as due herbicide exposure.

2. Entitlement to service connection for erectile dysfunction (ED) as secondary to hypertension.

REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

W.T. Snyder, Counsel

INTRODUCTION

The Veteran served on active duty from September 1966 to September 1968. 

This appeal to the Board of Veterans' Appeals (Board) arose from an October 2012 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma that denied the benefits sought on appeal.

In May 2016, the Veteran appeared at a Board hearing at the RO via video conference before the undersigned Veterans Law Judge. A transcript of the hearing testimony is in the claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Although the Veteran has current diagnoses of hypertension and ED, service connection is in effect for PTSD, he was not afforded a VA examination as part of the adjudication of his claim. The Board finds that the medical evidence of record is not sufficient to decide the appeal, especially in light of a private medical opinion to the effect that the Veteran's PTSD causes at least 60 percent of his hypertension. As this opinion lacks a rationale, the Board finds it is insufficient on its own to grant service connection. However, the Board finds that it triggers VA's duty to assist to provide an examination and opinion. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006); 38 C.F.R. § 3.159(c)(4) (2015). 

Any outstanding VA treatment records should be obtained on remand.

Accordingly, the case is REMANDED for the following actions:

1. Obtain VA treatment records generated since the January 2015 Supplemental Statement of the Case (SSOC) and add them to the claims file.

2. After the above is complete, regardless of whether additional records are added to the file, arrange an examination of the Veteran by an appropriate examiner. Ask the examiner to opine on the following:

Is there at least a 50-percent probability that the Veteran's hypertension is due the service-connected PTSD? If the answer is, No, is there at least a 50-percent probability that the Veteran's service-connected PTSD aggravates-that is, chronically worsens it beyond its natural progression, his hypertension? If the answer on aggravation is, Yes, to the extent possible, please establish a pre-aggravation baseline level of disability and compare it to the current level of disability. If this is not possible, please explain why not.

A comprehensive rationale for the conclusions reached in the opinion(s) should be set forth, to include comment on the literature submitted by the Veteran and the June 2016 private positive nexus opinion of R.W.S., D.O. 

3. If, and only if, the examiner renders a positive nexus opinion as to any etiological relationship between the hypertension and the service-connected PTSD, arrange a medical review of the claims file by an appropriate examiner.

Ask the examiner to opine on the following: Is there at least a 50-percent probability that the Veteran's ED is due to the hypertension or any medications taken for his service-connected disabilities? If the answer is, No, is there at least a 50-percent probability that the Veteran's hypertension or any medications taken for his service-connected disabilities aggravates-that is, chronically worsens it beyond its natural progression, his ED? If the answer on aggravation is, Yes, to the extent possible, please establish a pre-aggravation baseline level of disability and compare it to the current level of disability. If this is not possible, please explain why not.

A comprehensive rationale for the conclusions reached in the opinion should be set forth.

4. After all of the above is complete, re-adjudicate the appeal considering all relevant evidence. If the decision remains in any way adverse to the Veteran, he and his representative should be provided with a SSOC. Then, if all is in order, return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
PAUL SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits. 38 C.F.R. § 20.1100(b) (2015).